IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE O'TOOLE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE CITY OF ST. LOUIS, | ) | |
| Serve: | ) | |
| 1200 Market Street | ) | Cause No: |
| St. Louis, MO 63103 | ) | |
| | ) | JURY TRIAL DEMANDED |
| THE ST. LOUIS METROPOLITAN | ) | |
| POLICE DEPARTMENT, | ) | |
| Serve: | ) | |
| Chief John Hayden | ) | |
| 1910 Olive Street | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| CHIEF JOHN HAYDEN, | ) | |
| in his official and individual capacity, | ) | |
| Serve: | ) | |
| 1910 Olive Street | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| JIMMIE EDWARDS, | ) | |
| in his official and individual capacity, | ) | |
| Serve: | ) | |
| 1200 Market Street, #401 | ) | |
| St. Louis, MO 63103 | ) | |
| | ) | |
| Defendants. | ) | |

**PETITION FOR RETALIATION IN VIOLATION OF THE EQUAL EMPLOYMENT OPPORTUNITY ACT**

COMES NOW Plaintiff, Lawrence O'Toole, by and through his undersigned attorney, and for his claim against the City of St. Louis, the St. Louis Metropolitan Police Department, Chief John Hayden and Public Safety Director Jimmie Edwards states as follows:

1.  Plaintiff brings this action pursuant to 42 U.S.C. §2000(e) *et seq.* and §213.010 *et seq*, R.S.Mo. (MHRA). This Court has jurisdiction over this action pursuant to 28 U.S.C.

1

§1331. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. §1367. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

2. Plaintiff Lawrence O'Toole is a resident of the City of St. Louis, State of Missouri and a citizen of the United States.

3. Defendant City of St. Louis is a political subdivision of the state of Missouri and is, therefore, an employer within the meaning of MHR Sec 213.010(8).

4. Defendant St. Louis Metropolitan Police Department is a division and department of the City of St. Louis and a political subdivision of the State of Missouri and, therefore, an employer within the meaning of MHRA Sec. 213.010(8).

5. On June 22, 2018, Plaintiff filed charge number E – 06\18-49650; 28E-2018-01181C and 560 – 2019 – 01816 with the US Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR "). On June 20, 2019 the Plaintiff filed a First Amended Complaint clarifying his ongoing retaliation claim.

6. On February 6, 2020, MCHR issued its notice of right to sue.

7. Plaintiff timely filed his lawsuit within 90 days of MCHR's issuance of the notice of right to sue.

8. Defendant City of St. Louis and the St. Louis Metropolitan Police Department hired the Plaintiff to work as a commissioned police officer from 1984 through the present.

9. The Plaintiff was consistently promoted throughout his career through the ranks to the position of Lieutenant Colonel.  From July 2015 to April 2017 the Plaintiff served as the Assistant Chief of Police. When the former Chief of Police resigned in 2017, Plaintiff, because of his experience and qualifications, was appointed the Acting Police Commissioner.  Plaintiff served in this position from April 2017 to December 2017.

10. Plaintiff consistently performed his duty to the Defendants throughout his employment and exceeded expectations.

11. The Police Chief of the St. Louis Metropolitan Police Department is identified as the Police Commissioner under the City of St. Louis Charter. The appointing authority for the Police Commissioner is the Director of Public Safety. The Director of Public Safety at all relevant times in this matter was Jimmie Edwards.

12. In April of 2017, the Plaintiff was assigned the duties of Police Commissioner given the title "Interim Police Commissioner".

13. The process for the selection of Police Commissioner began on October 2, 2017. The application closed on October 26, 2017. The Plaintiff participated in this process.

14. Upon information and belief the promotion/hiring process for the position of Police Commissioner was biased against Plaintiff on the basis of his race.

15. The promotion/hiring process occurred during and shortly after the Stockley riots which were racially motivated. This public unrest created a motivation on the part of the Defendants to refuse to promote the Plaintiff and such animus arose from the Plaintiff's race.

16. The Defendants created committees for the stated purpose narrowing the list of candidates, ranking the candidates and making recommendations of candidates to the appointing authorities. Such committees were pretextual and heavily biased against the Plaintiff on the basis of race.

17. Upon information and belief, the Defendant City of St. louis established the selection committees in a biased and unfair manner in the selection of members and the manner in which interviews were conducted. The selection committees contained members who were openly hostile to the Plaintiff on the basis of his race.

18. The Defendants conducted public meetings as part of the promotion/hiring process. These meetings were conducted in a way designed to humiliate and embarrass the

Plaintiff on the basis of his race. The Defendants failed to control the meetings and their participants so that the meetings were chaotic and Plaintiff was denied the opportunity to participate in a fair and meaningful way.

19. On December 27, 2017, the Plaintiff was notified through Jimmy Edwards and Mayor Lyda Krewson that he was not being selected for the position of Police Commissioner\Chief. The Director of Public Safety, Jimmy Edwards, stated, "If Jason Stockley didn't happen you would be the Police Chief". Plaintiff asserts upon information believed that this reflects the fact that the Plaintiff's race was clearly a motivating factor in the decision not to promote the Plaintiff.

20. Defendants, by their actions and failure to act, including but not limited to those described above, have discriminated against Plaintiff and created a hostile work environment because of his national origin and race, and retaliated against him in violation of the Missouri Human Rights Act. As a result of Defendants actions and failure to act , Plaintiff has lost and continues to lose  wages and other financial incidents and benefits of employment, has experienced non-diagnosed emotional pain, suffering, humiliation, embarrassment, mental anguish, inconvenience and loss of enjoyment of life, and has incurred and will continue to incur attorney's fees and costs in connection with this matter.

## Count I
## Title VII Claims Under 42 U.S.C. Section 2000(e) et seq

21. Plaintiff adopts and incorporates herein by reference paragraphs 1 through 20 as though fully set forth herein.

22. On September 29, 2020, the Department of Justice and the Equal Employment Opportunity Commission issued its notice of right to sue.

23. Plaintiff timely filed his lawsuit within ninety (90) days of the Department of Justice and the EEOC's issuance of the notice of right to sue.

Wherefore, having fully plead, the Plaintiff seeks the Court to enter judgment in his favor against the Defendants for compensatory damages in excess of $25,000, as well as for appropriate equitable, declaratory and injunctive relief, attorney's fees and costs, and for such other and further relief as may be just and proper in the premises.

### Count II
### Retaliation

24. Plaintiff adopts and incorporates herein by reference paragraphs 1 through 23 as though fully set forth herein.

25. This Court has jurisdiction pursuant to 28 U.S.C. §1331. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. §1367. Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

26. On December 20, 2017, Public Safety Director Jimmie Edwards promoted John Hayden to the position of Police Commissioner. This decision not to promote the Plaintiff was discriminatory and motivated by race.

27. Upon information and belief, Police Commissioner John Hayden took office and immediately changed the duties and responsibilities held by the Plaintiff, including the duties and responsibilities of the Assistant Chief of Police.

28. The decision to change the duties and responsibilities was an effort to marginalize an attempt to force the resignation of the Plaintiff.

29. On December 27, 2017, when the Plaintiff was notified that he was not going to be appointed to the position of Police Commissioner, the Director of Public Safety provided a letter to the Plaintiff indicating that the Plaintiff would receive a pay increase and specifically asked the Plaintiff not to retire.

30. Plaintiff filed his complaint alleging discrimination with the EEOC and the MHRC on June 22, 2018, prior to the scheduled pay raise.

31. In addition, on December 27, 2017, the Director of Public Safety Jimmie Edwards stated in the presence of Mayor Lyda Krewson that not only would he be receiving a pay increase but that he would, in addition to that pay increase, be receiving the voter approved $6000 pay increase in July of 2018.

32. All commissioned police officers of the St. Louis Metropolitan Police Department received this voter approved pay increase on July 13, 2018 except Plaintiff.

33. The Plaintiff is one of five officers who holds the rank of Lieutenant Colonel. All five similarly situated Lieutenant Colonels each have different titles associated with their positions. All report directly to the Commissioner of Police. All other similarly situated Lieutenant Colonels did receive the $6000 pay increase on July 13, 2018. Only the Plaintiff, among all other commissioned police officers and Lieutenant Colonels did not receive this pay increase.

34. On August 1, 2018, Plaintiff spoke to Police Commissioner John Hayden in person and through emails regarding the pay issue and documenting his concerns.

35. On June 7, 2018, the Plaintiff inquired of David Daniels, Director of Finance for the St. Louis Metropolitan Police Department, whether he would be receiving the Prop P pay increase. Daniels responded by email indicating that he would inquire and would respond to the Plaintiff.

36. On June 22, 2018, the Plaintiff filed his formal complaint of discrimination and retaliation, as set forth above.

37. On July 13, 2018, every other member of the St. Louis Metropolitan Police Department received a pay increase based upon Proposition P revenues except the Plaintiff. The decision to deny the pay increase to the Plaintiff was discriminatory and retaliatory for Plaintiffs complaints against the Defendants.

38. The retaliatory actions taken against the Plaintiff are ongoing and continuing.

39. Defendants, by their actions and failure to act, including but not limited to those described above, have discriminated against Plaintiff and created a hostile work environment because of his national origin and race, and retaliated against him in violation of the Missouri Human Rights Act.  As a result of Defendants actions and failure to act , Plaintiff has lost and continues to lose wages and other financial incidents and benefits of employment, has experienced non-diagnosed emotional pain, suffering, humiliation, embarrassment, mental anguish, inconvenience and loss of enjoyment of life, and has incurred and will continue to incur attorney's fees and costs in connection with this matter.

40. The conduct of Defendants was undertaken willfully, wantonly, maliciously, with evil motive, and with reckless disregard and indifference for the rights of Plaintiff.

Wherefore, having fully plead, the Plaintiff seeks the Court to enter judgment in his favor against the Defendants for compensatory damages in excess of $25,000, prejudgment interest, as well as for appropriate equitable, declaratory and injunctive relief, attorney's fees and costs, and for such other and further relief as may be just and proper in the premises.

Respectfully submitted,

BRUNTRAGER & BILLINGS, P.C.

/s/ Neil J. Bruntrager
Neil J. Bruntrager, #29688
225 S. Meramec Ave., Suite 1200
Clayton, MO 63105
(314) 646-0066
(314) 646-0065  Fax
njbatty@aol.com

Attorney for Plaintiff