IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE O'TOOLE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | |
| ) | |
| THE CITY OF ST. LOUIS, ) | |
| ) | |
| and ) | |
| ) | Cause No: 4:20-cv-01851 |
| THE ST. LOUIS METROPOLITAN ) | |
| POLICE DEPARTMENT, ) | |
| ) | |
| and ) | |
| ) | |
| CHIEF JOHN HAYDEN, ) | |
| in his official and individual capacity, ) | |
| ) | |
| And ) | |
| ) | |
| JIMMIE EDWARDS, ) | |
| in his official and individual capacity, ) | |
| ) | |
| Defendants. ) | |

**SECOND AMENDED PETITION FOR RETALIATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT AND THE EQUAL EMPLOYMENT OPPORTUNITY ACT**

COMES NOW Plaintiff, Lawrence O'Toole, by and through his undersigned attorney, and for his Second Amended Petition against the City of St. Louis, the St. Louis Metropolitan Police Department, Chief John Hayden and Jimmie Edwards states as follows:

1. Plaintiff brings this action under the Missouri Human Rights Act, §213.010 *et seq.*, R.S.Mo. 1986, as amended ("MHRA"), and 42 U.S.C §2000(e) *et seq* ("Title VII").

2. The unlawful practices complained of herein were committed within the City of St. Louis, Missouri. Jurisdiction and venue in this court are proper pursuant to Missouri Revised Statutes §213.111.

3. Plaintiff Lawrence O'Toole is a resident of the City of St. Louis, State of Missouri and a citizen of the United States.

1

4. Defendant City of St. Louis is a political subdivision of the state of Missouri and is, therefore, an employer within the meaning of MHRA §213.010(8).

5. Defendant St. Louis Metropolitan Police Department is a division and department of the City of St. Louis and a political subdivision of the State of Missouri and, therefore, an employer within the meaning of MHRA §213.010(8).

6. On June 22, 2018, Plaintiff filed charge number, E – 06\18-49650; 28E-2018-01181C, with the US Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR "). On June 20, 2019, Plaintiff filed a second "amended" complaint on the retaliation claim, charge number 560-2019-01816.

7. On February 6, 2020, the MCHR issued its notice of right to sue on the original charge number. On September 29, 2020, the EEOC issue a right to sue letter on the amended charge, No. 5602201901816.

8. Plaintiff timely filed his lawsuit within 90 days of MCHR's issuance of the notice of right to sue and timely filed his First Amended Petition on the ongoing retaliation claim under Title VII.

9. Defendant City of St. Louis and the St. Louis Metropolitan Police Department hired the Plaintiff to work as a commissioned police officer from 1984 through the present.

10. The Plaintiff was consistently promoted throughout his career through the ranks to the position of Lieutenant Colonel. From July 2015 to April 2017, the Plaintiff served as the Assistant Chief of Police. When the former Chief of Police resigned in 2017, Plaintiff, because of his experience and qualifications, was appointed the Acting Police Commissioner. Plaintiff served in this position from April 2017 to December 2017.

11. Plaintiff consistently performed his duty to the Defendants throughout his employment and exceeded expectations.

12. The Police Chief of the St. Louis Metropolitan Police Department is identified as the Police Commissioner under the City of St. Louis Charter. The appointing authority for the

Police Commissioner is the Director of Public Safety. The Director of Public Safety at all relevant times in this matter was Jimmie Edwards.

13.     In April of 2017, the Plaintiff was assigned the duties of Police Commissioner given the title "Interim Police Commissioner".

14.     The process for the selection of Police Commissioner began on October 2, 2017. The application closed on October 26, 2017.  The Plaintiff participated in this process.

15.     Upon information and belief, the promotion/hiring process for the position of Police Commissioner was biased against Plaintiff on the basis of his race.

16.     The promotion/hiring process occurred during and shortly after the Stockley riots which were racially motivated. This public unrest created a motivation on the part of the Defendants to refuse to promote the Plaintiff and such animus arose from the Plaintiff's race.

17.     The Defendants created committees for the stated purpose narrowing the list of candidates, ranking the candidates and making recommendations of candidates to the appointing authorities. Such committees were pretextual and heavily biased against the Plaintiff on the basis of race.

18.     Upon information and belief, Defendant City of St. louis established the selection committees in a biased and unfair manner in the selection of members and the manner in which interviews were conducted.  The selection committees contained members who were openly hostile to the Plaintiff on the basis of his race.

19.     The Defendants conducted public meetings as part of the promotion/hiring process. These meetings were conducted in a way designed to humiliate and embarrass the Plaintiff on the basis of his race.  The Defendants failed to control the meetings and their participants so that the meetings were chaotic and Plaintiff was denied the opportunity to participate in a fair and meaningful way.

20.     On December 27, 2017, the Plaintiff was notified through Jimmie Edwards and Mayor Lyda Krewson that he was not being selected for the position of Police Commissioner\Chief.

Director of Public Safety Jimmie Edwards stated, "If Jason Stockley didn't happen you would be the Police Chief". Plaintiff asserts upon information believed that this reflects the fact that the Plaintiff's race was clearly a motivating factor in the decision not to promote the Plaintiff.

21. Defendants' acts as described above constituted discrimination and were the basis of Plaintiff's original claim of discrimination with the MCHR and EEOC.

**Count I**
**Retaliation**

22. On December 20, 2017, Public Safety Director Jimmie Edwards promoted John Hayden to the position of Police Commissioner. This decision not to promote the Plaintiff was discriminatory and motivated by race.

23. Upon information and belief, Police Commissioner John Hayden took office and immediately changed the duties and responsibilities held by the Plaintiff, including the duties and responsibilities of the Assistant Chief of Police.

24. The decision to change the duties and responsibilities was an effort to marginalize and attempt to force the resignation of the Plaintiff.

25. On December 27, 2017, when the Plaintiff was notified that he was not going to be appointed to the position of Police Commissioner, the Director of Public Safety provided a letter to the Plaintiff indicating that the Plaintiff would receive a pay increase and specifically asked the Plaintiff not to retire.

26. In addition, on December 27, 2017, Director of Public Safety Jimmie Edwards stated in the presence of Mayor Lyda Krewson that not only would he be receiving a pay increase but that he would, in addition to that pay increase, be receiving the voter approved $6000 pay increase in July of 2018.

27. On June 7, 2018, the Plaintiff inquired of David Daniels, Director of Finance for the St. Louis Metropolitan Police Department, whether he would be receiving the Prop P pay increase. Daniels responded by email indicating that he would inquire and would respond to the Plaintiff.

28. Plaintiff filed his initial complaint, No. 28E-2018-01181, alleging discrimination with the EEOC and MHRC on June 22, 2018, prior to the scheduled pay raise.

29. The City of St. Louis and Defendants John Hayden and Jimmie Edwards received notice of Plaintiff's MCHR and EEOC complaint on July 5, 2018.

30. All commissioned police officers of the St. Louis Metropolitan Police Department received a voter approved pay increase of $6,000.00 on July 13, 2018 irrespective of pay grade, class, or bracket of pay. The sole employee excluded from the blanket pay raise was Plaintiff.

31. The Plaintiff is one of five officers who holds the rank of Lieutenant Colonel. All five similarly situated Lieutenant Colonels each have different titles associated with their positions. All report directly to Commissioner of Police Hayden. All other similarly situated Lieutenant Colonels did receive the $6000 pay increase on July 13, 2018. Only the Plaintiff, among all other commissioned police officers and Lieutenant Colonels, did not receive this pay increase.

32. On August 1, 2018, Plaintiff spoke to Defendant Police Commissioner John Hayden in person and through emails regarding the pay issue and documenting his concerns. On August 1, 2018, Commissioner Hayden responded that he had forwarded Plaintiff's concern about the lack of a Prop P pay raise to Defendant Jimmie Edwards. He received no response to his inquiry, and he remains to the present day the only employee not to receive the Prop P pay raise.

33. On July 13, 2018, every other member of the St. Louis Metropolitan Police Department received a pay increase based upon Proposition P revenues except the Plaintiff. The decision to deny the pay increase to the Plaintiff was discriminatory and retaliatory for Plaintiff's complaints against the Defendants.

34. On June 20, 2019, after repeatedly requesting his Proposition P pay raise and being refused such pay raise, Plaintiff filed an "Amended Complaint of Retaliation", Charge No. 560-2019-01816, with the MCHR and the EEOC claiming retaliation by his employer for his filing of the original discrimination complaint. (Attached hereto as Exhibit A).

35. Plaintiff received a right to sue letter from the MCHR on the original claim on February 6, 2020. Plaintiff received a subsequent right to sue letter from the EEOC on the second complaint on September 29, 2020. Plaintiff timely filed the original Petition and the First Amended Petition.

36. The retaliatory actions taken against the Plaintiff by his employer are ongoing and continuing, and Plaintiff continues to be denied his pay increase by the City, the Public Safety Director, and Chief Hayden because of his complaints.

37. Defendants, by their actions and failure to act, including but not limited to those described above, have discriminated against Plaintiff and retaliated against him in violation of the Missouri Human Rights Act and Title VII. As a result of Defendants' actions and failure to act, Plaintiff has lost and continues to lose wages and other financial incidents and benefits of employment, has experienced non-diagnosed emotional pain, suffering, humiliation, embarrassment, mental anguish, inconvenience, and loss of enjoyment of life, and has incurred and will continue to incur attorney's fees and costs in connection with this matter.

38. The conduct of Defendants was undertaken willfully, wantonly, maliciously, with evil motive, and with reckless disregard and indifference for the rights of Plaintiff.

Wherefore, having fully plead, the Plaintiff seeks the Court to enter judgment in his favor against the Defendants for compensatory damages in excess of $25,000, prejudgment interest, as well as for appropriate equitable, declaratory and injunctive relief, attorney's fees and costs, and for such other and further relief as may be just and proper in the premises.

**Count II**
**Title VII Claims Under 42 U.S.C. Section 2000(e) et seq**

39. Plaintiff adopts and incorporates herein by reference paragraphs 1 through 38 as though fully set forth herein.

40. On June 20, 2019, after repeatedly requesting his Proposition P pay raise and being refused such pay raise, Plaintiff filed an "Amended Complaint of Retaliation", Charge No. 560-

2019-01816, with the MCHR and the EEOC claiming retaliation by his employer for his filing of the original discrimination complaint. (Attached hereto as Exhibit A).

41. On September 29, 2020, the Department of Justice and the Equal Employment Opportunity Commission issued its notice of right to sue.

42. Plaintiff timely filed his First Amended Petition within ninety (90) days of the Department of Justice and the EEOC's issuance of the notice of right to sue.

Wherefore, having fully plead, the Plaintiff seeks the Court to enter judgment in his favor against the Defendants for compensatory damages in excess of $25,000, as well as for appropriate equitable, declaratory and injunctive relief, attorney's fees and costs, and for such other and further relief as may be just and proper in the premises.

Respectfully submitted,

BRUNTRAGER & BILLINGS, P.C.

/s/ Neil J. Bruntrager
Neil J. Bruntrager, #29688
225 S. Meramec Ave., Suite 1200
Clayton, MO 63105
(314) 646-0066
(314) 646-0065  Fax
njbatty@aol.com

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of May, 2021 the foregoing **Plaintiff's Second Amended Petition** was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Neil J. Bruntrager