UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE O'TOOLE, | ) |
|     Plaintiff, | ) ) ) ) |
| v. | ) ) Case No. 4:20-cv-01851 |
| CITY OF ST. LOUIS, | ) ) ) |
| ST. LOUIS METROPOLITAN POLICE DEPARTMENT, | ) ) ) ) |
| CHIEF JOHN HAYDEN In his official and individual capacity, | ) ) ) ) |
| JIMMIE EDWARDS In his official and individual capacity, | ) ) ) ) |
|     Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED PETITION**

COME NOW Defendants City of St. Louis, The St. Louis Metropolitan Police Department ("SLMPD"), John Hayden in his official and individual capacities ("Hayden"), and Jimmie Edwards in his official and individual capacities ("Edwards") (collectively, "Defendants") and move this court to dismiss Plaintiff Lawrence O'Toole's ("Plaintiff") Second Amended Petition (Doc. 26) under Rule 12(b)(6) of the Federal Rules of Civil Procedure because it fails to state a claim for which relief can be granted against Defendants. In support, Defendants state:

1. Plaintiff has named SLMPD as a defendant, but SLMPD is a department of the City and is not a suable entity. *Catlett v. Jefferson Cty.*, 299 F. Supp. 2d 967, 969 (E.D. Mo. 2004).

2.     Plaintiff's employer, the City, is a defendant in this case; therefore, all claims against Hayden and Edwards in their official capacities are duplicative and should be dismissed. *Cooper v. Albacore Holdings, Inc.*, 204 S.W.3d 238, 244 (Mo. App. E.D. 2006).

3.     As Plaintiff's supervisors, Hayden and Edwards are not subject to individual liability under Title VII or the Missouri Human Rights Act ("MHRA"), thus Plaintiff's Count I ("Retaliation") and Count II ("Title VII Claims Under 42 U.S.C. Section 2000(e) et seq") claims against them should be dismissed with prejudice. *Roark v. City of Hazen, Arkansas,* 189 F.3d 758, 761 (8th Cir.1999); Mo. Rev. Stat. § 213.010(8) (2017).

4.     To the extent Plaintiff seeks to assert a claim of race discrimination for failure to promote pursuant to the MHRA, such claim is time-barred. Plaintiff's initial lawsuit was filed on May 1, 2020; accordingly, any claims accruing before May 1, 2018 are time-barred. Plaintiff failed to file a lawsuit within 2 years of learning that he was not selected for promotion; for this reason, Plaintiff's allegations are not actionable under the MHRA. RSMo. § 213.055. Similarly, any claim Plaintiff may have had related to his allegations that Hayden restructured his job duties in an attempt to force Plaintiff to resign are time-barred.

5.     To the extent Plaintiff seeks to assert claims for race discrimination under Title VII, Plaintiff fails to allege facts necessary to establish the existence of a plausible claim.

6.     To the extent Plaintiff seeks to assert claims for retaliation, Plaintiff fails to allege timely facts that would demonstrate he is entitled to the relief sought.

7.     Accordingly, Plaintiff's Second Amended Petition fails to allege sufficient facts to demonstrate that Defendants committed any actionable discrimination against Plaintiff and Plaintiff's Second Amended Petition should be dismissed.

8. In further support of this motion, Defendants submit a Memorandum of Law setting out the facts, arguments, and law on which it relies in greater detail.

WHEREFORE, Defendants City of St. Louis, SLMPD, Hayden and Edwards respectfully request that the Court dismiss Plaintiff's Second Amended Petition and for any other orders which this Court deems proper.

Respectfully submitted,

MATT M. MOAK
CITY COUNSELOR

/s/ Korey Lewis

Alexis L. Silsbe, #64637MO
Associate City Counselor
Korey Lewis, #68203MO
Assistant City Counselor
Room 314, City Hall
1200 Market Street
St. Louis, MO 63103
Phone: (314) 622-4621
Fax: (314) 622-4956
SilsbeA@stlouis-mo.gov
LewisK@stlouis-mo.gov
**ATTORNEYS FOR DEFENDANTS**
