UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE M. O'TOOLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF ST. LOUIS, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 4:20-cv-01851-MTS |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, Doc. [27], pursuant to Federal Rule Civil Procedure 12(b)(6). For the reasons set forth below, the Court will grant Defendants' Motion in part and deny it in part.

**I.   Background**

Plaintiff, a police officer with the City of St. Louis ("City"), premises this action on his allegations that the City and the St. Louis Metropolitan Police Department ("SLMPD"), along with Police Chief John Hayden and former Director of Public Safety Jimmie Edwards, both in their official and individual capacities, retaliated against him for taking protected actions in violation of both the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 *et seq.* and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* According to Plaintiff, after he was not selected to be Chief of SLMPD, he filed an initial charge of discrimination with the Missouri Human Rights Commission and the Equal Employment Opportunity Commission. After Defendants learned of this initial charge, Plaintiff alleges that Defendants withheld pay raises from Plaintiff that they previously promised him and that they awarded to similarly situated employees.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the legal sufficiency of a complaint, which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims, and the claims cannot rest on mere speculation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Specifically, the complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,'" and instead "must allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations are true and makes all reasonable inferences in favor of the non-moving party. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989); *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). But the Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

## III. Discussion

A. *Dismissal of the non-City Defendants is appropriate.*

First, Defendants seek dismissal of the claims against SLMPD because it is not a suable entity. Plaintiff concedes this point, Doc. [30] at 2, and the Court agrees. *Blakemore v. City of St. Louis*, No. 4:21-cv-00841, 2021 WL 5630372, *7 (E.D. Mo. Dec. 1, 2021) ("Because it is not a suable entity, the claim against the St. Louis Metropolitan Police Department must be

dismissed."). Next, Defendants seek dismissal of Police Chief John Hayden and former Director of Public Safety Jimmie Edwards, both in their official and individual capacities. As to their official capacities, the Plaintiff acknowledges that the claims against Edwards's and Hayden's official capacities are duplicative of the claims against the City and can be dismissed. Doc. [30] at 2; *see also Lokey v. St. Louis Cty.*, No. 4:19-cv-02475-MTS, 2020 WL 6544240, at *3 (E.D. Mo. Nov. 6, 2020) (dismissing claim against police chief in his official capacity because claim was redundant of plaintiff's claim against the government entity).

The claims against Edwards and Hayden in their individual capacities also should be dismissed. *See Bonenberger v. St. Louis Metro. Police Dept.*, 956 F. Supp. 2d 1059, 1065 (E.D. Mo. 2013) ("Title VII . . . does not authorize liability against individual supervisors or coworkers."); *Jordan v. Charter Commc'ns, Inc.*, No. 4:19-cv-00035-SNLJ, 2019 WL 1409353, at *3 (E.D. Mo. Mar. 28, 2019) (explaining the August 2017 amendments to the MHRA expressly prohibit individual liability); *see also* Doc. [30] at 7 (Plaintiff requesting only that Defendants' Motion to Dismiss "should be denied as to the Defendant City of St. Louis").

Therefore, the Court will dismiss Defendants SLMPD, Hayden, and Edwards from this action.

      B.    *The Court does not read Plaintiff's Second Amended Complaint to assert any claim of race discrimination.*

Plaintiff is less than clear in his Second Amended Complaint regarding what claims he brings under the MHRA and Title VII. He entitled Count I as "Retaliation" and entitled Count II as "Title VII Claims Under 42 U.S.C. Section 2000(e) et seq." He provided no specificity on which provision of Title VII or what conduct prohibited by Title VII he asserts. Defendants argue that if he did intend to assert race discrimination claims, they should be dismissed. Doc.

[28] at 8 (discussing "any claim Plaintiff might have had" on race discrimination); *id.* at 9 (seeking dismissal of any claim for race discrimination "[t]o the extent Plaintiff's Count II" is read so broadly as to include one).

The Court does not read Plaintiff's Second Amended Complaint to assert any claim for race discrimination, but the Court understands the confusion and Defendants' precaution. Plaintiff's Second Amended Complaint discusses allegations of racial discrimination, but it does so in the context of setting up his claim for retaliation. Plaintiff's Second Amended Complaint speaks of discrimination against him based on race and alleges that he filed initial charges of discrimination with the MHRC and the EEOC. He appears to discuss discrimination only to establish that he took a protected action, a necessary prerequisite to his retaliation claims.[1] To the extent Plaintiff maintains he does assert race discrimination claims, they are dismissed without prejudice.[2]

      C.     *Plaintiff states a claim for retaliation under the MHRA and Title VII.*

Defendants argue that Plaintiff failed to allege sufficient facts to state a claim of retaliation under Title VII and the MHRA. Specifically, Defendants argue that Plaintiff "fail[ed] to allege that Defendant took any action against him *because of* his complaint of discrimination." Doc. [28] at 11. Viewing the factual allegations contained in Plaintiff's Complaint as true and giving Plaintiff all reasonable inferences, as the Court must do when ruling on a 12(b)(6) motion, the Court finds Plaintiff has stated a claim for retaliation under both Title VII and the MHRA.

---

[1] *See, e.g.*, Mo. Rev. Stat. § 213.070(2) (prohibiting an employer from "retaliat[ing] . . . in any manner against any other person because such person has . . . filed a complaint . . . pursuant to this chapter").

[2] If Plaintiff seeks to assert racial discrimination claims, he will need to seek leave to amend for which he must demonstrate good cause. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) ("Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)."). Besides showing good cause, Plaintiff also would be required to show that any amendment would not be futile. *See Trademark Med., LLC v. Birchwood Lab'ys, Inc.*, 22 F. Supp. 3d 998, 1001–04 (E.D. Mo. 2014); *see also* Doc. [28] at 7–8 (Defendants arguing that Plaintiff's claim of race discrimination under the MHRA would be time barred).

With respect to the sufficiency of facts pleaded in support of a claim of retaliation pursuant to Title VII, Plaintiff "must demonstrate that [his] 'protected activity was the but-for cause of the alleged adverse action by the employer.'" *Tognozzi v. Mastercard Int'l Inc.*, No. 4:16-cv-2045-CDP, 2017 WL 2225207, at *5 (E.D. Mo. May 22, 2017) (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013)). To make such a showing, "'[g]enerally, more than a temporal connection between the protected conduct and the adverse employment action is required . . . .'" *Tognozzi*, 2017 WL 2225207, at *5 (quoting *Keil v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999)). Where a plaintiff "sets forth additional facts that strengthen the inference of a causal link," though, his complaint is sufficiently pleaded. *Tognozzi*, 2017 WL 2225207, at *5 (holding that, even if the temporal period of four months between plaintiff's protected activity and later termination alone was insufficient to support her claim of retaliation under Title VII, her claim nonetheless survived a motion to dismiss because she also alleged that she received only positive performance reviews prior to her statutorily protected activity).

With respect to the sufficiency of facts pleaded in support of a claim of retaliation pursuant to the MHRA—as amended in 2017—Plaintiff must similarly establish a causal connection between his protected activity (i.e., his charge of discrimination against Defendant City) and the alleged adverse action (i.e., denial of a pay raise). Unlike the but-for causation standard for retaliation under Title VII, however, the MHRA requires a "motivating factor" standard for claims accruing after the amended statute went into effect on August 28, 2017. *See Castellano v. Betts*, No. 4:19-cv-02304-SRC, 2021 WL 2313407, at *13 (E.D. Mo. June 7, 2012) (explaining that for claims accruing after the August 28, 2017 amendments to the MHRA the causation standard for retaliation claims is a *motivating factor* standard). "A 'motivating factor'

is one that 'actually played a role in the adverse action or decision and had a determinative influence on the adverse decision or action.'" *Id.* at *17 (quoting Mo. Rev. Stat. § 213.010(19)). Furthermore, the "motivating factor" standard is lower than the but-for causation standard required for the causation element in claims of retaliation under Title VII. *Id.* at *13.

Plaintiff expressly alleged in his Complaint that "Plaintiff continues to be denied his pay increase by the City . . . because of his complaints." Doc. [26] ¶ 36. Further, Plaintiff's allegations demonstrate an eight-day temporal proximity between the City's July 5, 2018 notice of his statutorily protected activity (i.e., his charge of discrimination filed with the EEOC and MHRC) and the City's July 13, 2018 exclusion of Plaintiff from receipt of the voter approved pay raise allegedly given to all other commissioned officers. Furthermore, Plaintiff provides additional factual support for a causal nexus between these events because he asserts that the City previously informed him that he would receive the voter approved pay raise. Doc. [26] ¶¶ 27, 29–30, 36. Thus, accepting the factual allegations contained in Plaintiff's Complaint as true and giving Plaintiff all reasonable inferences, as the Court must do when ruling on a 12(b)(6) motion, Plaintiff has alleged sufficient facts to meet the but-for causation standard—and the prima facie elements—for a claim of retaliation under Title VII. For the same reasons, Plaintiff's Second Amended Complaint also meets the lower, motivating factor standard required for a causal connection in a prima facie case of retaliation under the MHRA. *See Castellano*, 2021 WL 2313407 at *13. Therefore, Plaintiff's Second Amended Complaint alleges sufficient facts that, when accepted as true and given all reasonable inferences, set forth a prima facie case of retaliation under Title VII and the MRHA.

CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [27], is **GRANTED** in part and **DENIED** in part.  Consistent with this Memorandum and Order, only the retaliation claims under the MHRA and Title VII, Counts I and II, against Defendant the City of St. Louis remain.  Defendants St. Louis Metropolitan Police Department, John Hayden, and Jimmie Edwards are **DISMISSED**.

Dated this 15th day of March, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE